**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **GERALD KNORR,** | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 15-6229 (ES)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **EDWARD V. ROCHFORD, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

Plaintiff Gerald Knorr ("Plaintiff"), a pre-trial detainee confined at Morris County Jail in Morristown, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. No. 3).

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Dr. Gilo, Donna Grubel, and Christopher Klein.   The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

In his Complaint, Plaintiff alleges that Dr. Gilo, the "jail doctor" at Morris County Jail and Defendant Grubel, "medical supervisor" at the jail, "refused [him] proper medical care also tryed [sic] to make [him] take pills that made [him] sick even more refused to lissen [sic] to [him]." (D.E. No. 1, Complaint ("Compl.") ¶ 4(b), (c)).   Plaintiff alleges that on May 1, 2015, he saw Dr. Gilo, but Plaintiff does not provide any further information about that visit.   (*Id.* ¶ 6).   He further alleges that he was given blood pressure medication by the jail, but it was "their medication" not "his."   (*Id.*).   Plaintiff refused to take the blood pressure medication provided by the jail so he was placed in a cell in "Block 2-B" where a guard checks on him every half hour.   (*Id.*).   Plaintiff requested to be moved back "upstairs" but his request was denied by Defendant Grubel.   (*Id.*). She stated that Plaintiff is not permitted to be moved "upstairs" until he takes his medication. (*Id.*).   Defendant Grubel also denied Plaintiff's request to see an outside doctor.   (*Id.*).   Plaintiff alleges that he is being "harassed" by jail staff who are telling him that he will die if he does not take the blood pressure medication prescribed to him by the medical staff.   (*Id.*).

Plaintiff further alleges that he has "some kind of lump by his pancreus [sic]," which they found on an x-ray taken on April 24, 2015.   (D.E. 1-1, at 7).   He states that he needs "very good dr.'s to look at this lump ASAP."   (*Id.*).   Plaintiff further states that Defendant Grubel has informed him that they are willing to send Plaintiff to an outside doctor for his "lump" but not for his blood pressure issue.   (D.E. No. 2, Supplemental Letter ("Supp. Ltr."), at 1).

Plaintiff is seeking monetary damages and transfer to another jail.   (Compl. ¶ 7).

## II. DISCUSSION

### A. Legal Standard

#### 1.   Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added) (citation omitted).

### 2.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

### 1.   Medical Care

At the time of the incidents contained in the Complaint, Plaintiff was a pretrial detainee and therefore his medical claims arise under the Fourteenth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-45 (1983) (holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison

4

officials must provide medical care to those confined in jail awaiting trial); *see also Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991) (noting Fourteenth Amendment provides at least the same level of medical care for pretrial detainees as the Eighth Amendment does for convicted prisoners). In order to set forth a cognizable claim for a violation of his right to adequate medical care, Plaintiff must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (per curiam) ("In order to state a Fourteenth Amendment claim of inadequate medical attention upon which relief may be granted, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs.").

"A medical need is serious if it has been diagnosed by a physician as requiring treatment, or if it is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (citations and internal quotation marks omitted). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Notably, however, allegations of negligent treatment or medical malpractice do not trigger

constitutional protections. *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam) (citing *Estelle*, 429 U.S. at 105-06); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001).

Even assuming that Plaintiff's blood pressure condition is a "serious medical need," Plaintiff has failed to meet the requisite deliberate indifference standard. According to the allegations of the Complaint, Plaintiff is receiving medical care for his blood pressure issue. The medical staff has prescribed him medication, however, it is not the medication that Plaintiff wants and he is refusing to take it. This does not state a constitutional claim. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (holding that mere disagreement as to the proper medical treatment does not support a claim of an Eighth Amendment violation). Plaintiff is being offered treatment for his blood pressure, but he is refusing said treatment because he does not believe it is correct. Plaintiff's disagreement with the medical staff's choice of medication does not constitute deliberate indifference.[2]

Similarly, Defendants' "refusal" to send Plaintiff to an outside specialist for this issue also does not establish deliberate indifference. *Id.* The medical staff has examined Plaintiff and determined a course of treatment. Plaintiff's disagreement with that course of treatment, and his

---

[2] The Court notes that Plaintiff submitted a second supplementary letter, which the Court received on September 18, 2015, wherein he states that "he is still being refused medical attention when [he] ask[s] for it." (D.E. No. 6, Second Supplemental Letter ("2d Supp. Ltr."), at 2). However, he does not identify with specificity any incidents in which he was refused medical attention; nor is it clear whether medical staff is refusing to examine him or whether they are refusing to provide him with the treatment he believes is correct. Plaintiff further states that he wants his medication adjusted because his blood pressure is getting too low, but again it is unclear as to why he believes his medication should be adjusted and whether any medical staff has examined him for this issue. These allegations fail to provide sufficient factual matter to allow Plaintiff's claim to proceed under *Iqbal*.

6

desire to see an outside doctor, is not a violation of his constitutional rights; it is simply a preference.

Plaintiff also alleges that as a result of x-rays taken on April 24, 2015, a lump was discovered on his pancreas and he needs to see an outside doctor to determine whether it is cancer. (D.E. No. 1-1, at 8). However, Plaintiff does not provide any other facts about this issue. It is unclear whether he was examined by medical staff at the jail and why the x-rays were even ordered in the first place. He merely states that a lump was found and he needs an outside doctor.[3] Under *Iqbal*, Plaintiff has failed to allege sufficient factual matter to allow this claim to proceed.

### 2. Harassment

Plaintiff states that he is being "harassed" by jail staff who are telling him that he will die if he does not take the blood pressure medication prescribed to him by the medical staff. (Compl. ¶ 6.) At the outset, it does not appear that this is harassment, but rather the staff is simply attempting to persuade Plaintiff to take the necessary medication. Even if said statements constitute harassment, allegations of threats or verbal harassment without more do not state a claim under section 1983. *See Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir.2013) (per curiam) ("[A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983") (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *Barber v. Jones*, No. 12-2578, 2013 WL 211251, at *5 (D.N.J. Jan. 18, 2013) (noting that general allegations of verbal abuse

---

[3] In a subsequent letter, Plaintiff states that the jail is willing to take him to an outside doctor for the lump. (Supp. Ltr., at 1). Therefore, it is unclear if Plaintiff still intends to even raise a claim regarding this issue.

unaccompanied by injury or damage are not cognizable under section 1983).   Plaintiff has alleged

nothing more than verbal "threats" by the jail staff and, consequently, has failed to state a claim.

## III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).   However, because it is conceivable that Plaintiff may be able to supplement his

pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant

Plaintiff leave to move to re-open this case and to file an amended complaint.[4]   An appropriate

order follows.

Dated: *September 28, 2015*

Esther Salas, U.S.D.J.

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer
performs any function in the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6
CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KANE, FEDERAL PRACTICE AND
PROCEDURE § 1476 (2d ed. 1990) (footnotes omitted).   An amended complaint may adopt some
or all of the allegations in the original complaint, but the identification of the particular allegations
to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file an
amended complaint that is complete in itself.   *Id.*

8